UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| ALLEN LEE | CIVIL ACTION |
|---|---|
| VERSUS | NO: 17-10760 |
| ROUSES ENTERPRISES, LLC | SECTION: "A" (3) |

**ORDER AND REASONS**

The following motion is before the Court: **Motion for Summary Judgment (Rec. Doc. 17)** filed by Defendant, Rouses Enterprises, LLC. Plaintiff, Allen Lee, opposes the motion. The motion, submitted for consideration on July 12, 2018, is before the Court on the briefs without oral argument.

**I.    BACKGROUND**

On September 22, 2017, Plaintiff Allen Lee initiated this action pro se in state court against his former employer, Defendant Rouses Enterprises, LLC. Lee alleged that he was terminated one year earlier on September 22, 2016, when he was falsely accused of stealing. (Rec. Doc. 1-1, Petition ¶ 4). Lee had been employed with Rouses for 38 years. (*Id.*). According to the Petition, Lee filed a charge of discrimination with the EEOC on September 19, 2017, which was nearly one year after the termination occurred and only three days before he filed suit.[1]  Lee claimed recovery under Title

---

[1] The record contains no documentary evidence that Lee actually filed a charge with the EEOC. Lee was unrepresented until January 2018, which was after Rouses removed the case to federal court and after a scheduling order had been entered.
  As Rouses points out, in order to exhaust administrative remedies under Title VII and the ADA, a plaintiff must file a timely charge with the EEOC and receive a "right-to-sue" letter. If Lee

VII/§ 1981 and Louisiana's Employment Discrimination Law (LEDL), the Americans with Disabilities Act (ADA), the Fair Labor Standards Act (FLSA), the National Labor Relations Act (NLRA), and state tort law (intentional and negligent infliction of emotional distress, defamation, misrepresentation of material facts).

Rouses now moves for summary judgment on all claims.

A bench trial was scheduled to commence on July 23, 2018, but the Court continued it in order to allow Plaintiff sufficient time to oppose Rouses' motion for summary judgment (Rec. Doc. 39, Minute Entry). Plaintiff filed his opposition on June 18, 2018 (Rec. Doc. 40), and Rouses filed its reply on June 19, 2018 (Rec. Doc. 41).[2] A bench trial is scheduled for November 28, 2018.

## II. DISCUSSION

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). A dispute about a

---

did in fact file a charge of discrimination with the EEOC on the date alleged, it was outside of the 300-day filing period and therefore untimely. Also, because he filed suit three days after filing the charge, he did not have a statutory right to sue letter or any other adjudication from the EEOC when he filed suit. Therefore, merits aside, Lee's Title VII claims and ADA claims are subject to dismissal as being both unexhausted and time barred. *See Manning v. Chevron Chem. Co.*, 332 F.3d 874, 880 (5th Cir. 2003).

[2] On June 28, 2018, which was after Rouses' motion was already under submission, Lee sought leave of Court to file a supplemental opposition. (Rec. Doc. 42). Over Rouses' objection, the Court granted leave. (Rec. Doc. 44). On July 12, 2018, Rouses filed its reply to the supplemental opposition. (Rec. Doc. 46).

material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (*citing* Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (*citing SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

When faced with a well-supported motion for summary judgment, Rule 56 places the burden on the non-movant to designate the specific facts in the record that create genuine issues precluding summary judgment. *Jones .v Sheehan, Young, & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996). The district court has no duty to survey the entire record in search of evidence to support a non-movant's position. *Id.* (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1992); *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1307 (5th Cir. 1988)).

### *Federal Claims*

Plaintiff's references in his pro se pleading to claims under the FLSA, NLRA, and ADA are easily dismissed. As Rouses points out, Plaintiff alleges no facts in support of a claim under any of these federal labor laws. Neither the Petition nor the evidence of

record even hints at a potential disability or an issue with overtime pay.

Assuming that Plaintiff could overcome the problems surrounding the filing of an EEOC charge, see note 1 *supra*, his discrimination claims under both federal and state law fail as a matter of law.[3]

Title VII makes it unlawful for a covered employer "to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." *Moghalu v. Bd. of Supervisors, Univ. of La. Sys.*, No. 15-30559, 2016 WL 943619, at *3 (5th Cir. Mar. 11, 2016) (unpublished) (quoting 42 U.S.C. § 2000e-2(a)(1)). Liability on a claim that an employer intentionally discharged an employee because of race or national origin, *i.e.*, a "disparate treatment" claim, "depends on whether the protected trait actually motivated the employer's decision." *Id.* (quoting *Young v. United Parcel Serv., Inc.*, 135 S. Ct. 1338, 1345 (2015)).

The *McDonnell Douglas*[4] burden-shifting framework applies when a plaintiff relies upon circumstantial evidence to prove a case of unlawful discrimination. *Paske v. Fitzgerald*, 785 F.3d 977, 984 (5th Cir. 2015) (citing *Burrell v. Dr. Pepper/Seven Up*

---

[3] The Court applies federal Title VII standards to Lee's state law discrimination claims. *See Wyerick v. Bayou Steel Corp.*, 887 F.2d 1271, 1274 (5th Cir. 1989). The same standard applies to Lee's claims under 42 U.S.C. § 1981. *See David v. Dallas Area Rapid Trust*, 383 F. 3d 309, 316 (5th Cir. 2004).
  The Petition does not identify the basis of the alleged discrimination and in his deposition Plaintiff never suggested that race played a role in the decision to terminate him. The Court will nonetheless assume that if Plaintiff did in fact file a charge of discrimination with the EEOC, it alleged race discrimination. Plaintiff is African-American. It was not until he filed his supplemental opposition that Lee clarified the basis of his discrimination claim.

[4] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

*Bottling Grp., Inc.*, 482 F3d 408, 411-12 (5th Cir. 2007)). Under this framework, the plaintiff establishes a prima facie case of disparate treatment racial discrimination in employment by demonstrating 1) that he is a member of a protected class, 2) that he was qualified for the position at issue, 3) that he was the subject of an adverse employment action, and 4) that he was treated less favorably because of his membership in that protected class than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances. *Lee v. Kansas City So. Ry.*, 574 F.3d 253, 259 (5th Cir. 2009). Once an employee has presented a prima facie case, an inference of intentional discrimination is raised and the burden of production shifts to the employer who must offer an alternative non-discriminatory explanation for the adverse employment action. *Id.* (citing *LaPierre v. Benson Nissan*, 86 F.3d 444, 448 (5th Cir. 1996); *McDonnell Douglas*, 411 U.S. at 802). If the employer can provide a legitimate nondiscriminatory explanation, the inference of discrimination drops out and the burden shifts back to the employee to demonstrate that the employer's explanation is merely a pretext for racial bias. *Id.* (citing *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 255-56 (1981)). Notwithstanding the burden shifting explained in *McDonnell Douglas*, the burden of proof as to racial discrimination remains with the plaintiff throughout. *Lee*, 574 F.3d at 259 n.13 (citing *Burdine*, 450 U.S. at 253).

Turning now to Lee's case, Lee has failed to establish a prima facie case of racial discrimination. Lee's prima facie case fails on the fourth prong because he has failed to point to any evidence to suggest that he was treated less favorably than other similarly

situated employees who were not members of his protected class.

Even if Lee has established a prima facie case, any inference of discrimination that it carries dissipates with Rouses' nondiscriminatory reason for the termination.[5] Rouses contends that it terminated Lee for a legitimate, non-discriminatory reason—that he violated a company policy that prohibited him from eating food before paying for it. This policy is located at page 20 of Rouses' employee handbook. (Rec. Doc. 17-5). The violation is alleged by co-worker Melissa M. Hopkins. (Rec. Doc. 17-6, Affidavit). Lee must create an issue of fact that the proffered reason was a pretext *for racial discrimination*. Lee has failed to do so.[6]

The Court notes that there is a disputed issue of fact in this case concerning whether Lee actually consumed two croissants before paying for them or whether he paid for them first.[7] In his opposition Lee relies on an adjudication before the Louisiana Workforce Commission in which the judge found after a phone hearing that Lee had not consumed the croissants before paying for them. Lee seeks to apply collateral estoppel

---

[5] It is important to remain mindful that the employer's burden as to the legitimate, nondiscriminatory reason for terminating the plaintiff is one only of production, not persuasion. *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 898 (5th Cir. 2002) (citing *Reeves*, 530 U.S. at 142). This burden is unfettered by any assessment as to credibility. *Id.*

[6] In his supplemental opposition Lee erroneously attempts to foist the burden of proof on Rouses. Lee was an at will employee who could be fired for any reason except for one that violated Title VII. Rouses does not have to prove that it fired Lee for a non-race related reason. Rather, Lee must prove or least create an issue of fact as to racial discrimination. He has failed to do so. Moreover, Lee has never refuted Rouses' contention that his discrimination claim was not properly exhausted before he filed suit.

[7] According to Rouses, even if Lee paid for the croissants before eating them he still violated company policy because he pulled the croissants from a discard basket from which employees are not allowed to purchase food or consume it.

against Rouses to have that factual finding apply in this case.[8]

Construing the factual dispute in Lee's favor, and therefore assuming that he did not eat the croissants before paying for them, Lee nonetheless fails to create an issue of fact as to racial discrimination. The evidence of record is wholly devoid of any evidence to suggest that race played a role in the decision to terminate Lee. Even a mistaken belief as to the facts supporting the termination does not render it racially discriminatory. Unfortunately for Lee, Title VII does not redress seemingly unfair employment decisions unless they are also racially discriminatory, and that's where Lee fails to create an issue of fact. Rouses is entitled to judgment as a matter of law on Lee's Title VII, § 1981, and Louisiana discrimination claims.

### *State Law Claims*

Lee also joined state law claims for intentional infliction of emotional distress, negligent infliction of emotional distress, defamation and misrepresentation. Given that all claims over which the Court had original jurisdiction have been dismissed, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c)(3).

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 17)** filed

---

[8] Lee actually invokes the *Rooker-Feldman* doctrine in his opposition but that is not applicable in this case because it was Lee who sued Rouses. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that the *Rooker-Feldman* doctrine is confined to cases where state-court losers complaining of injury caused by a state court judgment seek review in federal district court). It is clear from the argument being made that Lee is actually referring to res judicata.

by Defendant, Rouses Enterprises, LLC is **GRANTED** insofar as all of Lee's federal claims as well as his state law discrimination claim are **DISMISSED** with prejudice;

**IT IS FURTHER ORDERED** that the remaining state law claims for intentional infliction of emotional distress, negligent infliction of emotional distress, defamation and misrepresentation are **REMANDED** to the state court from which this case was removed.

July 19, 2018

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE